UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL LEON JENNINGS,<br><br>Defendant. | No. 1:17-cr-00155-NONE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COMPASSIONATE RELEASE DENIAL<br><br>(Doc. No. 92) |

On July 13, 2020, defendant Darrell Leon Jennings filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his medical conditions and the risks allegedly posed to him by the ongoing coronavirus ("COVID-19") pandemic. (Doc. No. 78.) The court denied defendant's motion for compassionate release on October 13, 2020. (Doc. No. 91.) On December 23, 2020, defendant filed a "renewed" emergency motion for compassionate release, which the court interprets as a motion for reconsideration of its original denial order, based on changed circumstances. (Doc. No. 92.) The government filed its opposition to the motion for reconsideration on January 13, 2021, and defendant filed his reply the following day. (Doc. Nos. 96, 97.) For the reasons discussed below, the motion for reconsideration will be denied.

/////

1

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases." *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013). The Local Rules provide that motions for reconsideration in criminal cases must demonstrate "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1(i).

Here, defendant Jennings moves for reconsideration based on the increase in number of COVID-19 cases at his place of confinement, the Bureau of Prisons' ("BOP") Sheridan Federal Correctional Institution located in Sheridan, Oregon ("FCI Sheridan"). (Doc. No. 92 at 2.) At the time of the October 13, 2020 order denying compassionate release, FCI Sheridan reported that five individuals had contracted COVID-19 but recovered, no deaths, and no active cases of the virus. (Doc. No. 91 at 9.) In seeking reconsideration, defendant notes that in contrast with the status of the virus at that prison in October, as of December 23, 2020, FCI Sheridan was reporting 31 active cases among inmates and 10 such cases among staff members. (Doc. No. 92 at 2.) As of the date of this order, the BOP is reporting that 53 inmates and one staff member at FCI Sheridan had tested positive for the virus but have now recovered, with no reported deaths.[1] *COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Jan. 28, 2021). Currently, it is being reported by BOP that there are seven inmates and 13 staff members who have tested positive with active cases of COVID-19 at that prison.[2] *Id.* In denying defendant's compassionate release, the undersigned observed that his concern regarding COVID-19 was "speculative at [that] time"—with no active cases being reported at FCI Sheridan in October 2020. (Doc. No. 91 at 9.) However, his motion was also denied because "aside from the

---

[1] FCI Sheridan and the attached detention center collectively house 1,114 inmates. *FCI Sheridan*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/she/ (last visited Jan. 28, 2021).

[2] The undersigned does not necessarily accept these reported numbers at face value given the manner in which the CDC guidelines apparently allow for individuals to be counted as recovered from the virus without confirming test results. However, there is also no evidence before the court contradicting those reported numbers.

2

general risk of COVID-19, defendant [did] not argue how his medical conditions have in any way diminished his ability to provide self-care." (*Id.* at 10.)

Despite the moderate increase in the number of current active COVID-19 cases at FCI Sheridan, the court concludes that defendant Jennings has again failed to satisfy the standard justifying his compassionate release. Defendant suffers from one comorbidity that places him at greater risk if he were to contract COVID-19 (i.e., obesity), in addition to another comorbidity that "might" place him at greater risk if he were to contract the virus (i.e., hypertension). (Doc. No. 91 at 8.) *See COVID-19: People at Increased Risk*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Jan. 28, 2021).[3] Defendant provided no medical evidence corroborating his claim that he suffered from chronic obstructive pulmonary disease ("COPD"), including chronic bronchitis. (Doc. No. 91 at 8.) Put simply, defendant's medical conditions are not so severe that "extraordinary and compelling reasons" exist simply because of a moderate increase in the number of active cases of COVID-19 at FCI Sheridan. *See United States v. Heffington*, No. 1:93-cr-05021-NONE, 2020 WL 4476485, at *7 (E.D. Cal. Aug. 4, 2020) (recognizing that "extraordinary and compelling reasons" may exist even if a facility is properly managing a

/////
/////
/////
/////
/////
/////

---

[3] Although defendant's history of smoking places him at greater risk of suffering a severe illness from COVID-19, other courts have found that there are policy reasons why smoking by itself—especially with no supporting evidence that the history of smoking has caused significant health ailments—may not be an appropriate ground justifying compassionate release. *See, e.g.*, *United States v. Green*, No. 17-20822, 2020 WL 6144556, at *5 (E.D. Mich. Oct. 20, 2020) ("And while smoking or prior smoking may indicate an increased risk of complications, especially if it caused another respiratory ailment, there are obvious policy reasons why courts may hesitate to find that being a former, or current, smoker supports finding extraordinary and compelling reasons for release.").

COVID-19 outbreak but only if the inmate's medical condition is extremely severe).[4]  According to one of the most recent medical records submitted in connection with the compassionate release motion—which the court notes is dated from October 2019—defendant Jennings appeared to be conditioning "[w]ell" while in prison, with his pulmonary system being "[c]lear" and showing no signs of "[w]heezing."  (Doc. No. 91 at 10) (quoting Doc. No. 89 (Defendant's Sealed BOP Medical Records) at 6.)  Further, defendant appeared to be receiving proper care from the medical staff at FCI Sheridan according to medical records from 2019.  (*Id.*)  Nothing in the record before the court indicated that defendant's health condition at that time was in poor condition or being untreated by the BOP's medical staff.  In seeking reconsideration, defendant presents no medical evidence suggesting otherwise.  In fact, the court observes that defendant did not submit any medical documentation prepared in 2020 (only 2019) in connection with the original motion for compassionate release or his request for reconsideration.  (*See generally* Doc. No. 89 (Defendant's Sealed BOP Medical Records).)  Based on the limited evidence before the court, defendant Jennings has again failed to carry his burden in demonstrating that his medical conditions "substantially diminish[] [his] ability . . . to provide self-care" in FCI Sheridan.  *See* U.S.S.G. § 1B1.13, cmt. n.1 (A)(ii).[5]

/////

---

[4] The court is unpersuaded by the cases cited by defendant Jennings in which courts have granted compassionate release to inmates confined at FCI Sheridan following an increase in the number of active COVID-19 cases there.  *See, e.g.*, *United States v. Bealer*, No. 19-00065 JAO, 2020 WL 7246908, at * 1–2 (D. Haw. Dec. 8, 2020) (original order denying compassionate release:  defendant suffered from COPD and was housed at FCI Sheridan's satellite camp which has a population of only 346 inmates); *United States v. Miles*, 2:17-cr-00127-KJM, 2020 WL 7646415, at *2–3 (E.D. Cal. Dec. 23, 2020) (order granting a renewed motion for compassionate release where the defendant was obese and suffered from asthma of an unspecified severity).

[5] Defendant has attached to his motion a declaration prepared by Federal Public Defender Investigator Courtney Withycombe, filed in a different civil action on January 8, 2021, providing a more harrowing picture of the conditions at FCI Sheridan.  (*See* Doc. No. 97-1.)  At the same time, the assertions contained within that declaration regarding FCI Sheridan's inability to take proper precautions and provide medical care stem solely from inmate complaints—not firsthand knowledge of Investigator Withycombe.  (*See id.*)  Moreover, there is no evidence in this case indicating that any of FCI Sheridan's purported failures are adversely effecting defendant Jennings' ability in particular to provide self-care.  *See* U.S.S.G. § 1B1.13, cmt. n.1 (A)(ii).

For these reasons, defendant Jennings' request for reconsideration (Doc. No. 92) of the order denying his motion for compassionate release is denied.

IT IS SO ORDERED.

Dated:  **January 28, 2021**  

_____  
UNITED STATES DISTRICT JUDGE